### SINCLAIR et al. v. CITY OF DALLAS.
### No. 1112.

Court of Civil Appeals of Texas. Waco.
Nov. 19, 1931.

Rehearing Denied Dec. 31, 1931.

P. P. Ballowe, of Dallas, for appellants.

J. J. Collins, A. A. Long, W. Hughes Knight, H. P. Kucera, and A. J. Thuss, all of Dallas, for appellee.

ALEXANDER, J.

This is a condemnation proceeding, and the sole question to be determined is whether

the appellants, as the owners of the property sought to be condemned, filed their objections to the decision of the commissioners appointed to appraise the damages within the statutory time so as to authorize a trial in the county court.

The city of Dallas, desiring to condemn, for the purpose of widening a street, a part of the property owned by James B. Sinclair and wife, Mattie Lula Sinclair, and on which S. H. Broadnax held a lien, filed proper petition with the judge of the county court at law No. 2 of Dallas county. The judge filed the petition, and properly appointed commissioners to assess the damages. The commissioners gave the required notice, and, after a hearing, made their decision in writing and filed same, together with all other papers in connection therewith, with said judge on August 18, 1930. The decision of the commissioners after being so filed, together with all other papers, was immediately delivered to the county clerk, but he did not file same nor docket the case until August 28, 1930. Sinclair and wife and Broadnax filed their objections to the decision of the commissioners on September 6, 1930. Thereafter citation was issued, and the case came on for trial. Upon a trial of the case in the county court, the court sustained a motion filed by the city, and struck out the objections so filed by the property owners, and dismissed the action for want of jurisdiction. Sinclair and wife and Broadnax appeal.

█ Revised Statutes, article 3265, subd. 5, provides that the commissioners in condemnation proceedings shall make their decision in writing, and shall file the same, with all other papers in connection therewith, promptly with the county judge. Revised Statutes, art. 3266, provides in part as follows:

"6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

"7. If no objections to the decision are filed within ten days, the county judge, shall cause said decision to be recorded in the minutes of his court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

By the express provisions of the above statute, the dissatisfied party must file his objections within ten days after the decision of the commissioners is filed with the county judge. In this case the property owners did not so file their objections within the time provided by the statute, and the decision of the commissioners therefore became final, and the court was without authority to try

the case. The method provided by the statute for removing a condemnation proceeding from the effect of the decision of the commissioners, a special tribunal, to a regularly constituted court, while not strictly an appeal, is in the nature of an appeal, and, in order to confer jurisdiction upon the county court to try the case and to enter a judgment for an amount different from that awarded by the commissioners, it is necessary that the dissatisfied party file his objections within the time provided by law. Upon his failure to do so, the decision of the commissioners becomes final, and the county court is without jurisdiction to try the case de novo. Fitzgerald v. City of Dallas (Tex. Civ. App.) 34 S.W.(2d) 682; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, par. 4; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195, par. 5; Hood v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 260 S. W. 243.

█ It is appellants' contention that they were not required to file, and could not file, their objections to the decision of the commissioners until the papers had been filed by the county clerk, nor until the case had been docketed as such and given a number. Proceedings of this kind, however, are in the nature of an arbitration and not a civil suit pending in the county court, and the statute does not require that the decision of the commissioners be filed with the county clerk nor that the proceedings be given a number and docketed as a case pending in the court until such objections are filed or until the time for filing such objections has expired and the judge is called upon to enter a judgment on the award of the commissioners. In fact, the proceedings do not become an action in the county court in the true sense until such objections are filed or until the time for filing same has expired and the judge is required to enter judgment on the award.

The judgment of the trial court is affirmed.