## PEELER et al. v. STATE.
### No. 8033.

Court of Civil Appeals of Texas. Austin.
Jan. 16, 1935.

W. H. Browning, of Lampasas, for appellants.

J. J. Byrne, of Lampasas, for the State.

BLAIR, Justice.

Appellee, the State of Texas, acting through the commissioners' court of Lampasas county, instituted condemnation proceedings in the county court of Lampasas county, to condemn a strip across appellant Fred Peeler's land, for public road purposes. The commissioners appointed assessed Peeler's damages at $200, if he removed the house from the land; or $150 if Lampasas county removed the house. Peeler filed an appeal bond within ten days after the commissioners' report was filed with the county judge. He did not file any written objections to the commissioners' award within ten days after it had been filed with the county judge, as required by subdivision 6 of Article 3266, which reads as follows: "If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

Appellee filed, and the trial court sustained, a motion to dismiss the action or attempted appeal of Peeler for want of jurisdiction, because of his failure to comply with said statute.

■ In the case of Sinclair v. City of Dallas (Tex. Civ. App.) 44 S.W.(2d) 465, 466, it is held as follows: "The method provided by the statute for removing a condemnation proceeding from the effect of the decision of the commissioners, a special tribunal, to a regularly constituted court, while not strictly an appeal, is in the nature of an appeal, and, in order to confer jurisdiction upon the county court to try the case and to enter a judgment for an amount different from that awarded by the commissioners, it is necessary that the dissatisfied party file his objections within the time provided by law. Upon his failure to do so, the decision of the commissioners becomes final, and the county court is without jurisdiction to try the case de novo. Fitzgerald v. City of Dallas (Tex. Civ. App.) 34 S.W.(2d) 682; Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, par. 4; Oilmen's Reciprocal Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195, par. 5; Hood v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 260 S. W. 243."

■ But appellant says that the judgment of the county court is void on its face, because it is not a final judgment. The judgment adopting or approving the award of the

condemnation commissioners does not appear in the transcript; and we cannot pass upon its finality. Only the judgment dismissing appellant's action or attempted appeal, because he failed to file his objections to the award of the condemnation commissioners within the statutory time, appears in the transcript.

The judgment of the trial court will be affirmed.