## NAEGELIN et al. v. STATE.
### No. 11021.

Court of Civil Appeals of Texas.
San Antonio.
June 18, 1941.

Rehearing Denied July 16, 1941.

Schweppe & Schweppe and Thos. G. King, all of San Antonio, for appellants.
Frank X. Vance, of Hondo, for appellee.

NORVELL, Justice.

This is an appeal from a judgment entered by the County Court of Medina County in a condemnation proceeding brought by the State of Texas, appellee, against appellants, Will F. Naegelin and others, the owners of a 400-acre tract of land in Medina County. It appears that 23 acres of this tract is a cultivated field, the balance being pasture land. The State condemned 3.52

acres located upon the edge of the cultivated area. In the County Court the issues were submitted to a jury in accordance with the holdings of State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 89 S.W.2d 979. The jury found that the market value of the 3.52-acre strip, considered as severed land, was $226, but that the market value of the balance of the tract immediately before and immediately after the taking of the strip for highway purposes was the same. A judgment for $226 was entered on the verdict.

Appellants here contend that the undisputed testimony shows that damage did result to that part of the tract remaining after the strip was taken for highway purposes.

One witness, J. M. Finger, testified that in his opinion appellants' tract, exclusive of the strip of land condemned, suffered no depreciation in value as a result of the taking of the strip, as he did not believe a tract of land as large as this (about 400 acres) would be damaged "by taking so small a tract off the field edge."

Finger's opinion supports the jury's findings. Appellants' evidence to the effect that the remaining part of the tract suffered a diminution in market value can not be considered as uncontradicted, provided, of course, Finger was prima facie qualified to express his opinion.

It appears that Finger lived at Hondo, in Medina County, had been in the banking business and that at the time of the trial and for five years prior thereto he was the agent and representative of the Federal Land Bank of Houston, which bank held a mortgage upon the land here involved. Finger testified that he was well acquainted with the Naegelin land, and knew land values in Medina County and in the community where appellants' land was located. We hold that Finger was prima facie qualified to express the opinion which he did state to the jury. The jury was entitled to believe Finger's statements as to his qualifications as an expert, and to rely upon his opinion as to the probable effect upon the market value of the remainder of the tract resulting from the taking of the 3.52-acre strip. And we are unauthorized to set aside a jury's answer to a submitted issue, concerning which there is a conflict of testimony. Fidelity & Casualty Co. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955; 3 Tex.Jur. 1096, § 768.

The above holding is decisive of the case. Appellants' remaining propositions seem to complain of the jury's alleged failure to take into consideration or properly evaluate certain evidence tending to show that the property involved had a potential value for business purposes which had been damaged by the taking of the strip for highway purposes. No error in the instructions of the trial court is pointed out in this particular.

Other propositions complain of the trial court's actions in ruling upon the admissibility of certain testimony. A detailed discussion of these propositions would serve no useful purpose. It is sufficient to say that when issues such as values are involved, the trial court is vested with an extensive discretion as to the admissibility of testimony relating thereto.

In Lewis on Eminent Domain, 3rd Ed., § 662, it is stated: "In regard to the degree of similarity which must exist, between the property concerning which such proof is offered and the property taken, and the nearness in respect of time and distance, no general rules can be laid down. These are matters with which the trial judge is usually conversant, and they must rest largely in his discretion."

We have considered all of appellants' propositions, and are of the opinion that no reversible error is shown. The judgment of the trial court is accordingly affirmed.