**AMERICAN TEL. & TEL. CO. v. PEURI-FOY, Judge, et al.**

**No. 14427.**

Court of Civil Appeals of Texas. Dallas.

July 20, 1951.

Rehearing Denied Sept. 21, 1951.

Tresp & Tresp, Dallas, H. L. Cooper, St. Louis, Mo., for appellant.

Willis & Lewis, J. Hart Willis, Jr., and C. M. Whitehurst, all of Dallas, for appellees.

CRAMER, Justice.

Appellant Telephone Company filed this proceeding in the district court seeking a writ of mandamus to require appellee, as judge, to enter judgment on the decision and award of special commissioners of condemnation on the ground that no written objections or exceptions to the decision and award of such special commissioners had been filed with the county judge within ten days after the rendition and filing of such award. The district court, after a hearing, sustained the motion to dissolve the temporary injunction and to dismiss the entire proceeding. From the rendition and entry of such final judgment, appellant, Telephone Company, has duly perfected this appeal.

The record shows appellant filed a petition for condemnation in the county court of Dallas County at Law No. 1 on September 21, 1950; also the county judge's appointment, etc., of the special commissioners and their report filed in the condemnation proceeding on October 4, 1950; that on the same date, October 4, 1950, appellant Telephone Company tendered $1,200 into the county court, being the full amount required by law under the findings in the commissioners' award.

The record further shows that the owners of the property sought to be condemned filed an answer in the proceeding on October 7, 1950 in which they admitted appellant Telephone Company's right to condemn the land involved, but set out a disagreement as to the damage to the several owners of interest in the land involved, plead facts upon which each defendant's damage was based, and sought recovery of these alleged damages in amounts far in excess of the $1,200 deposited in the county court and also far in excess of the commissioners' award. Such pleading, omitting formal parts, was in words and figures as follows:

"(I) Defendants admit the legal right of American Telephone and Telegraph Company to condemn the property set up in this proceeding, admit that the proceeding is legal and that the only issue between plaintiff and defendants is the amount of damages accruing to defendants by reason of the taking of the land and easement thereon sought to be condemned and the special damages to the remaining land owned by defendants and other property thereon situated which will be specially damaged by reason of the condemnation and the building and construction of the telephone and telegraph system in accordance with the application for condemnation terms and provisions thereof appearing from plaintiff's petition for condemnation on file herein. Defendants further allege that plaintiff and defendants have been unable to agree on the amount of such damages and would show to the Court that the amount tendered or offered by plaintiff is grossly inadequate. Defendants in this proceeding will prove the damages sustained by them and the amount of the recovery to which defendants are justly entitled.

"(II) Defendants would further show to the Court that as shown by pleadings on file herein of plaintiff, plaintiff is condemning an easement for the placement of underground cables and other structures below and above the surface which easement is one rod wide extending across a tract of land embracing two hundred fifty-three (253) acres, more or less, owned by defendants.

"(III) That prior to the inception of the condemnation proceeding in the instant case, the State of Texas and County of Dallas started condemnation proceedings and are condemning and will prosecute to conclusion a 200 foot right of way for road purposes across the land of these defendants and that the telephone and telegraph company's easement across said land is approximately parallel to said highway and approximately 600 feet East thereof.

"(IV) That the easement being condemned by plaintiff in this case, American Telephone & Telegraph Company, is an added burden and will cause greater damage to defendants' property since it will be the second easement thereon, and the damages sustained to the defendants by reason of depreciation in market value of their land and damage to the remainder is substantially increased by reason of this second easement which will leave the property of these defendants burdened with two easements and, as a result, defendants will be greatly hampered in the use, occupancy and future development of their property.

"(V) That portion of defendants lands lying East of the highway and consisting of approximately 185 acres by reason of its topography, its nearness to the Town of Hutchins and the City of Dallas and the fact that it is adjacent to many attractive country estates, while presently used in connection with the total acreage owned by defendants as a farm, has its highest and best value as a residential section or for development in country estates, and that since the structures to be placed on the easement contained herein by the telephone and telegraph company will consist of cables underground, various markers, stations, etc., as set up in plaintiff's petition on top of the ground, that the one rod easement across this 185 acre tract, by reason of the fact that no structure may be built on said easement, no foundations for buildings or homes, or other structures, can be placed thereon, no trees or permanent beautification by shrubs, flowers, or structures of any kind, can be placed thereon, and by reason of the fact that should defendants desire to plat said tract of land into country estates or in a residential development, and obtain its highest and best use, that they will be handicapped in developing same since no streets could be placed on said easement, no buildings or structures erected thereon, and by reason of the way, manner and form in structure and placement of said easement, the 185 acres, more or less, in said tract will be damaged for development purposes in an amount not less than one hundred dollars ($100.00) per acre, or a total damage to the remaining property of eighteen thousand five hundred dollars ($18,500.00).

"(VI) Defendants would further show to the Court that the reasonable market value of the land covered by the easement, to-wit, the one rod easement across the tract of land above herein described, and across defendants' acreage, if used for its highest and best use, that is, country estates or residential development, is three thousand dollars ($3,000.00) per acre and that said easement, as shown by plaintiff's petition herein, covers one acre and thirty-three hundredths (1.33 acre) of defendants' land so that defendants are damaged by the taking of the easement in the amount of three thousand nine hundred ninety 0/00 dollars ($3,990.00).

"(VII) That since plaintiff in condemnation has the right of ingress and egress to all portions of the easement condemned, the cables placed underground containing the necessary equipment for telephone, television and other necessary business incident to plaintiff's purposes and in all probability the maintenance equipment will cross the lands of defendants frequently to maintain the valves and complicated mechanical contrivances incident to plaintiff's operation, and since it is contemplated that at least three (3) pole markers shall be placed on said easement with an additional pole on each property line of defendants' lands, the operation and maintenance of said easement in connection with the right of way for road purposes West of same, will damage the remaining lands of defendants, which are presently being used for farming purposes, in an amount of three thousand nine hundred ninety dollars ($3,990.00), reasonable market value of the easement and to the amount of ten thousand dollars ($10,000.00) by reason of interference with farming activities and growing crops on said easement; that in the construction of said line it will be necessary to destroy many valuable trees and shrubbery presently on portions of defendants' land, which now add to the beauty and value thereof and make same more valuable for development.

"(VIII) Defendants would further show to the Court that while as herein stated, presently the land across which the easement is sought to be condemned is used as a farm, that by reason of its nearness to the fast growing town of Hutchins and its nearness to the city limits of the fast growing City of Dallas, and by reason of the fact that additions have been made adjacent to this land, were it not for the telephone and telegraph line and transmission system across it, this land would lend itself admirably to subdivision either for country estates or town lots, but that the way, manner and form in which said line crosses this land, it will be totally unfit for such development."

The prayer and signatures of all attorneys, etc., conclude the pleading.

Thereafter on October 17, 1950 appellant Telephone Company made a motion for judgment, omitting heading, endorsements, etc., in words and figures as follows:

"Motion for entry of judgment: Now comes the plaintiff-petitioner, American Telephone and Telegraph Company, in the above entitled and numbered cause, and shows the Court that the Special Commissioners of Condemnation heretofore appointed by this Court, namely: John R. Coon, Robin Adair and Van J. Hamilton, duly qualified by taking the oath of office and duly gave notice of hearing and held a hearing and reached a decision as to the amount of damages and benefits, if any, which accrued to the defendant-owners in the above entitled and numbered cause, and made an award of damages accruing to such defendant-owners and which decision and award were filed by said Special Commissioners with Paul G. Peurifoy, Judge of the County Court of Dallas County at Law No. 1, Dallas County, Texas on October 4, A.D. 1950. That none of the defendant-owners filed any objection to said decision and award and that more than ten days have elapsed since such decision and award were filed with said Judge of said Court and that therefore this Court should immediately enter its judgment for the plaintiff-petitioner in condemnation as per the form filed herewith."

The motion was overruled November 4, 1950.

The present district court proceeding for mandamus was filed February 6, 1951.

Appellant briefs two points of error, in substance: (1) Error in dismissing appellant's motion when the undisputed facts show no written objection to the decision and award of the commissioners filed within ten days after the filing of said order with the court; and (2) error in holding the answer was in fact a written objection to the commissioners' award under our Constitution, art. 1, sec. 17, Vernon's Ann. St., and our statutes, art. 3266, especially sec. 6 thereof.

Such points raise but one question: Was the answer filed by appellees in the condemnation proceeding sufficient as written objections to the decision or award as required under Article 3266, R.C.S.?

██ The law is well settled that if such answer was not sufficient as objections to the decision and award of the commissioners, that the county court acquired no jurisdiction of this cause since the filing of objections and exceptions to such decision and award is mandatory and jurisdictional, and without them there is nothing for the county court to do but to perform its ministerial duty by entering judgment on the award. Harrell v. City of Denton, Tex. Civ.App., 116 S.W.2d 423; Peeler v. State, Tex.Civ.App., 78 S.W.2d 1016; City of Big Spring v. Garlington, Tex.Civ.App., 88 S.W.2d 1095.

The answer in the condemnation proceeding above quoted, while it does not directly and by so many words say appellees object and except to the award, and to the amount of damages therein set out, does allege an amount of damages claimed to have been suffered by them, for which they seek recovery, such amount being far in excess of the amounts allowed in the award of the commissioners and tendered by appellant into the county court in full payment of the land condemned.

▪██ In our opinion such answer and allegations were sufficient to comply with the requirement of the statute for objections and exceptions to the award of the commissioners, and having been filed within the ten-day period provided by statute, placed all matters in issue on appellant's petition in the county court before that court for a trial de novo. It follows therefore that the trial court did not err in dismissing the petition for mandamus directing the trial court to enter final judgment.

It is therefore affirmed.