**DUEITT et ux. v. HARRIS COUNTY.**

No. 12410.

Court of Civil Appeals of Texas. Galveston.

May 22, 1952.

Rehearing Denied June 12, 1952.

Fowler & .Conn, Philip M. Shafer, of Houston, for appellants.

Sam W. Davis, Crim. Dist. Atty., of Harris County, W. K. Richardson and Miron A. Love, Asst. Crim. Attys. of Harris County, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from an order of the County Court at Law of Harris County, Texas, refusing the motion of O. B. Dueitt and wife, to set aside and cancel a judgment theretofore entered on July 24, 1951, in a condemnation suit brought by Harris County, acting through its commissioners' court, and at the request of the Highway Commission of the State of Texas, against appellants, O. B. and Mertie J. Dueitt, to condemn certain designated land, the property of the Dueitts, for the purpose of opening, widening and constructing a portion of U. S. Highway 75 in Harris County, containing 0.136 acres of land, more or less. In a trial before the court judgment was rendered that the award of the special commissioners theretofore appointed by the trial court be adopted awarding them the sum of $1,000 for the value of the land sought to be condemned, $1,656 for the improvements located thereon, and $1,344 as damages to the balance of their property by reason of such condemnation.

Findings of fact and conclusions of law were prepared and caused to be filed by the trial court, in which the court found, on what we deem to be sufficient testimony, that appellants were not consulted in reference to the appointment of said commissioners; that a hearing in said condemnation proceeding was held before the said commissioners on June 28, 1951, and an award of the damages assessed by them was made on July 6, 1951. The court found that appellants were not notified of any hearing held on July 6, 1951, if in fact any hearing was held on such date; that appellants filed their objections and exceptions to the award of said commissioners in the trial court on July 24, 1951. The court found that on July 6, 1951, said commissioners went out to inspect the property sought to be condemned and the surrounding vicinity for the purpose of making a further appraisal of the value of the appellants' property and of any damages caused by the condemnation.

The court concluded that, as a matter of law, all proceedings in this condemnation suit were in accordance with the statutory regulations governing same, that the commissioners' award of July 6, 1951, and the court's judgment rendered July 24, 1951, were and are valid, in all respects. The court concluded that the personal view and

inspection made by said commissioners of appellants' property on July 6, 1951 was not a "hearing", of which appellants were entitled under law to be notified.

The record shows that on July 6, 1951, two of said commissioners, M. C. Walker and H. L. Harrison, together with a Mr. Ethredge, a witness for appellee at the hearing on June 28, 1951, went out to look at appellants' property on July 6, 1951. Commissioner M. C. Walker testified that he was appointed by the Court to form an opinion as to the damage to this particular tract of land and that the only way he could make a decision was to see the land. Both of said commissioners testified that they considered both the evidence they heard at the hearing on June 28 and their personal inspection of the property in making the award. The award assessing the damages was filed with the trial court on July 13, 1951 and was signed by the three commissioners appointed by the court.

Under their points of assigned error, appellants contend that the trial court erred in denying their application to cancel and annul the judgment of the trial court for the alleged reason that the commissioners did not assess the damages accruing to appellants in accordance with the law, because the commissioners, without notifying appellants, had made a personal inspection of the property condemned on July 6, 1951, and that said damages assessed were based upon their inspection. They contend that they were not given an opportunity to attempt to make an agreement with appellees as to the commissioners to be appointed.

Appellee contends that the commissioners appointed by the trial court complied with Arts. 3264 and 3265, R.C.S. in assessing the damages accruing to appellants and that the commissioners' award was arrived at in conformity with the procedure set down in the Statutes. They contend that, in appointing commissioners, the court performed a ministerial duty required by Art. 3264, Sec. 2, and that such appointment was valid whether or not the parties submitted the names of the commissioners on whom they agreed. They contend that appellants' objections and exceptions to the award were without avail because it is undisputed in the record that the objections were filed

on the eleventh day after the date of the filing of the award, instead of within the ten-day period required by Sections 6 and 7 of said Article 3266.

Sections 6 and 7 of said Article 3266 read: "6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court."

"7. If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

In the case of Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719, 723 (error refused), the court, in its opinion, said: "* * * The two sections," (Sections 6 and 7 of said Article 3266), "taken together, clearly provide for a judgment of the county court, upon trial, Sec. 6, or upon the award, Sec. 7. If neither party files objection within the time prescribed, then it becomes the mandatory duty of the county judge to render judgment thereon. If either party files objection within the stated time, the adverse party must be cited and the cause tried 'as in other civil causes in the county court.' This language clearly calls for an original or 'de novo' trial, and effectually does away with the award altogether. It is not even admissible in evidence upon the issue of damages." (Citing authorities). "The filing of objection by either party (here by the County) converted the entire proceeding into a cause of action pending in the county court to 'be tried and determined as in other civil causes' therein." (Citing authorities).

In the case of Sinclair v. City of Dallas, Tex.Civ.App., 44 S.W.2d 465, 466, writ refused, it is held that, "By the express provisions of the above statute, the dissatisfied party must file his objections within ten days after the decision of the commissioners is filed with the county judge. In this case the property owners did not so file

their objections within the time provided by the statute, and the decision of the commissioners therefore became final, and the court was without authority to try the case." Continuing, the court said, "The method provided by the statute for removing a condemnation proceeding from the effect of the decision of the commissioners, a special tribunal, to a regularly constituted court, while not strictly an appeal, is in the nature of an appeal, and, in order to confer jurisdiction upon the county court to try the case and to enter a judgment for an amount different from that awarded by the commissioners, it is necessary that the dissatisfied party file his objections within the time provided by law. Upon his failure to do so, the decision of the commissioners becomes final, and the county court is without jurisdiction to try the case de novo." (Citing cases.)

The rule announced in the case of Sinclair v. City of Dallas, supra, is followed in the case of Peeler v. State, Tex.Civ. App., 78 S.W.2d 1016.

■ In the instant case it is undisputed that appellants did not file their objection to the award of the commissioners within the time provided by the Statutes, and, under Sections 6 and 7 of said Article 3266, it became the mandatory duty of the trial court to render judgment on the award of the commissioners.

In appellants' second and third points they attack the validity of the award made by the commissioners as being arrived at by their personal inspection and appraisal, instead of solely upon the basis of evidence heard by them. This contention cannot, we think, be sustained.

■ Further, the Supreme Court of this State has held, in the case of Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842, that the special commissioners in condemnation proceedings are not qualified or authorized to pass on questions of law, and that their hearings are not required to be held in strict conformity with the laws of evidence and other procedure observed in a formal trial.

■ It follows, we think, that the commissioners, in making a personal inspection of said property, violated no provision of the Revised Statutes of Texas, governing condemnation proceedings, in that they followed ordinary business practices in determining the value of land. Such a practice could not, we think, prejudice appellants' rights.

■ Appellants contend that the court erred in denying their application to cancel the award because they were not consulted in the appointment of the commissioners in said condemnation proceeding.

In the case of Angier v. Balser, Tex. Civ.App., 48 S.W.2d 668, it was held that the appointment of commissioners is valid when no agreement between the parties has been reached, and that in strict compliance with the Statute, the court is required to appoint commissioners.

The above-announced rule is approved in the case of Schooler v. State, Tex.Civ. App., 175 S.W.2d 664.

In the instant case, no objections were raised by appellants to the appointment or qualifications of the commissioners prior to this appeal.

We have carefully considered all other points of error assigned by appellants, and find no reversible error in the record.

It follows from above conclusions that the judgment of the trial court must be in all things affirmed.