Arthur **LEYENDECKER** et al., Appellants,

v.

Darrell David **RAU** et al., Appellees.

No. 15717.

Court of Civil Appeals of Texas.

Fort Worth.

April 27, 1956.

Miller, Rutta & Allen, and Jerry Hopson, Columbus, for appellants.

Hodges, Moore & Gates, and Otto Moore, Jr., Columbus, for appellees.

BOYD, Justice.

Appellees, Darrell David Rau, W. T. Youens and wife, Myrl R. Youens, Clemons C. Prause, Raymond Rau, A. W. Rau, Jr., Don Willis Rau, Albert W. Leyendecker and wife, Eunice Leyendecker, and Lillie Belle Pophanken and husband, L. H. Pophanken, filed suit against appellants, Arthur Leyendecker, Mrs. Lavine Gay and husband, E. C. Gay, individually and as independent executor of the estate of Anna Leyendecker, deceased, V. M. Crawford and wife Marjorie Crawford, and Mrs. Lelia Wehner and husband, H. H. Wehner, Jr., and other defendants, for partition of land. The defendants also prayed for partition. The court found that the land was susceptible of partition in kind and appointed as Commissioners three men agreed upon by the parties. The defendants filed objections to the Commissioners' report. Upon trial to the court, the court found that the partition had been "made fairly and according to law," and entered judgment approving and confirming it.

By agreement of the parties, the surface acreage of each share was made equal, the difference in value to be adjusted in owelty.

Appellants' contention is that the values placed by the Commissioners on a tract of 61.54 acres and on a tract of 114.58 acres, in Share No. 3 and allotted to appellees Darrell David Rau and W. T. Youens and wife, Myrl R. Youens, were too low, and that said appellees were awarded more value and appellants were awarded less value than their respective interests entitled them to receive. The report fixed the value of the 61.54 acre tract at $35 per acre, and the value of the 114.58 acre tract at $50 per acre. Appellants contend that the evidence showed that the 61.54 acre tract is worth $65 per acre and that the 114.58 acre tract is worth $125 per acre.

Appellants present two points, one being that the question of value was properly the subject of expert testimony and that the testimony of the only witnesses who so qualified proved that the partition was unequal in a material respect, and the other being that the evidence, expert and otherwise, "clearly showed that said report was unequal, unjust and showed partiality on the part of the Commissioners."

■ We cannot agree with appellants that a witness must be an expert in any technical sense to be qualified to testify as to the value of land. To qualify a witness to so testify, it is generally held to be sufficient for the witness himself to say that he knows the tract of land in question and is acquainted with its value. Texas Law of Evidence, by McCormick & Ray, p. 808, sec. 638. See, also, City of Teague v. Stiles, Tex.Civ.App., 263 S.W.2d 623, and Curfman v. State, Tex.Civ.App., 240 S.W. 2d 482. Moreover, there was no objection to the qualification of any of appellees' witnesses.

■ Appellants' so-called expert witnesses testified to opinions with reference to value which support appellants' contention that there was a material variance between the actual value of the two tracts in question and the value arrived at by the Commissioners. But when we consider the testimony of appellees' witnesses, we find that an issue was made for determination of the trier of the facts.

The report was properly sworn to by the Commissioners, and each of them testified that the appraisals set out therein represented the fair, actual value of the tracts. Two other witnesses testified in substance that they knew the land and that the findings of the Commissioners as to the value

of the tracts were in their opinion substantially correct. It would serve no useful purpose to set out the testimony more fully.

The issue thus made by the evidence was resolved by the court; and we are not in a position to say that the finding that the partition was fairly made and in conformity to law was not supported by substantial evidence. Grimes v. Hall, Tex.Civ.App., 211 S.W.2d 956, and cases there cited.

Finding no error, the judgment is affirmed.