

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

This Opinion
Overrules Opinion
# O-1604

WILL WILSON
ATTORNEY GENERAL

April 30, 1958

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. WW-422

Re: Payment of Special Com-
missioners in Condemna-
tion Suits

Dear Mr. Calvert

We are in receipt of your letter of April 11, 1958, asking for an opinion on payment for condemnation commissioners, said letter asking:

"Would a special commissioner appointed under condemnation proceedings for obtaining rights of way for the Highway Commission be allowed $3.00 for each item in the judgment requiring his appraisement or would he be allowed $3.00 a day for all the items covered in the judgment? In other words, if a special commissioner acts on several items in one judgment or a different judgment in the same day, would he be allowed $3.00 for each item, or would he be limited to $3.00 for one day's service?

"In counties containing a population of more than five hundred thousand would the special commissioner be limited to a single fee fixed by the Court not less than $10.00, or would such commissioner be on a per diem basis with a fee as fixed by the Court not less than $10.00 per day?"

These questions require a construction of Section 3 of Article 3266, V.A.C.S., which reads as follows:

Commissioners shall receive for their services Three Dollars ($3), for each day they may be engaged in the performance of their duties, except that in counties of over five hundred thousand (500,000) population, according to the last preceding or any future Federal Census, the County Judge shall set the fee of the Commissioners at any amount he may deem reasonable, not less than Ten Dollars ($10). Commissioners may withhold their decision until their fees are paid."

There is a distinction between the special commissioners referred to in the Title 52, V.A.C.S. (Arts. 3264-3271 V.A.C.S.) and petit jurors for regular civil cases. Their functions are not at all similar and should not be confused.

When a condemning authority desires to exercise its power of eminent domain, it files a "statement in writing" with the County Judge setting forth certain facts, Art. 3264(1) V.A.C.S. The Judge is then required to appoint "three disinterested freeholders of said county as special commissioners to assess said damages, giving preference to those that are agreed upon between the parties." Art. 3264(2), V.A.C.S.

The commissioners are thereafter sworn in. Art. 3264(3), V.A.C.S., and they then meet to set the time and place for the hearing. Art. 3264(4), and cause notice to be issued. The notice after being served, is returnable to the commissioners, not the County Judge or the County Clerk. Art. 3264(5), V.A.C.S.

"When the service of notice has been perfected, the commissioners shall at the time and place appointed or at any other time and place to which the hearing may be adjourned, proceed to hear the parties." Art. 3264(10), V.A.C.S.

"Commissioners shall have the power to compel the attendance of witnesses and production of testimony, administer oaths, and punish for contempt as fully and in the same manner as is provided by law for judges of county courts." Art. 3264(11), V.A.C.S. (Emphasis added)

A distinction between the passive role of petit jurors - who are called for a week's "service," and who may be compelled to serve, and who may or may not serve on a jury or may serve on several juries in one day, - and the active, initiative duties of the special commissioners, who cannot be compelled to serve as such, has already become apparent.

The special commissioners, contrary to the limitations imposed upon petit jurors, may view the property being condemned. "It follows, we think, that the commissioners, in making a personal inspection of said property, violated no provision of the Revised Statutes of Texas, governing condemnation proceedings in that they followed ordinary business practices in determining the value of the land." Dueitt v. Harris County, Civ. App., 1952, 249 S.W. 2d 636 (Wr. Ref.). Nor, as is the practice with petit juries, is an unanimity as to the amount of the award required. Dueitt v. Harris County, supra.

Art. 3266, V.A.C.S. (which article in Section 3 thereof provides for payment of Commissioners) containing general provisions concerning condemnation suits, constantly refers to "the case" in the singular, for example:

"1. When the county judge is disqualified to act in the case . . . and such special judge. . . shall proceed with the case. . ."

"6. If either party be dissatisfied with the decision . . . and the cause shall be tried as in other civil causes in the county court.

"7. If no objections to the decision are filed. . ." Indeed, Title 52, V.A.C.S., is merely the outline of procedure for filing and following through to judgment of one case, not a series of cases, or a "day's worth" of cases.

The condemnation action, strictly speaking, is not an action in the county court until an objection is filed to the Commissioners' Award. City of El Paso v. Ward (Civ. App., 1948, 213 S. W. 2d 726). (NWH) It is a special proceeding under the aegis of the county judge rather than the county court. By appointing the special commissioners, the judge has, in effect, delegated certain independent fact finding duties to them. If no objections to their award are filed within ten days, "the county judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the Court and issue the necessary process to enforce the same." Art. 3266(7), V.A.C.S.

The commissioners must file their award with the Judge, not the Clerk. Art. 3266(6), V.A.C.S.; Wallace v. Van Zandt County, Civ. App., 1954, 264 S.W. 2d 202 (NWH); Fitzgerald v. City of Dallas (Civ. App., 1930, 34 S.W.2d 682 (Wr. Ref.). And upon filing of the objections to the award, the latter is set aside and the amount thereof may not even be brought before the jury. Lower Colorado River Authority v. Burton (Civ. App., 1943, 170 S.W. 2d 783 (NWH); Nowlin v. Denton County (Civ. App., 1947, 200 S.W. 2d 865 (NWH)).

The preceding discussion has perhaps been somewhat detailed, but it was felt necessary in order to point out the unique status of the special commissioners in condemnation proceedings, and the difference of their status from that of petit jurors and from Deputy Sheriffs attending prisoners in habeas corpus under Art. 1029, C.C.P., as suggested in your letter.

It can be seen that each time commissioners are appointed a separate entity or "board" is created, i.e., they are appointed to assess damages for one particular case. Frequently, in practice, where a condemning authority files several cases with the same judge at the same time, a different set of commissioners will be appointed to each case or the composition of the Board of Special Commissioners may differ. This would clearly indicate that each

entity would be entitled to statutory compensation. If, coincidentally, the same three men are appointed as commissioners on each case, we do not see how the result should differ. Likewise, considering the administrative as well as judicial nature of the special commissioners' duties and powers, and considering the reference in Title 52 to one particular case, it is our opinion that each special commissioner is entitled to be paid his statutory fee for each case he works on, regardless of how long he spends. (The Statutes do not provide for any length of working day, nor do they provide for a pro rata payment of the rather meager $3.00 for fractional days.) For example, if in one day a special commissioner signs citations for six cases, he is entitled, under Art. 3266(3) to $3.00 for each case attended to, or $18.00 for that day's work. If on a subsequent day he inspects two pieces of property to be condemned, he would be entitled, under said article, to $6.00 for that day's work. If he goes back to inspect the same property another day, he would likewise be entitled to the same compensation. If on another day he, with his fellow commissioners, hears eight cases argued, he would be entitled to $24.00 for that day's work under said article. Abuse of this by the commissioners is amply guarded against by the ultimate control the County Judge retains over the case in regard to writing the judgment and assessing costs.

Article 3266(3), V.A.C.S., provides that the commissioners may withhold their decision until their fees are paid. This statute, in our opinion, constitutes further proof that it is contemplated that the commissioners shall be paid by the case. If several cases are heard the first day, and they should dispose of the first case, they would make their award, and in compliance with the above statute would be entitled to withhold the award until their fees were paid. It would be absurd, we think, to say that they should-- once they have earned $3.00 and collected same before letting the award out of their possession--charge no fees for the remainder of the cases, or at the end of the day, have the various condemnors return for their refunds or an equalization of accounts.

The same reasoning applies to the special provisions for higher pay to commissioners in counties of 500,000 or more. The only difference would be that their daily rate would be higher.

In Paragraph 1 of your letter you referred to "each item in the judgment requiring this appraisement." We presume by "judgment" you meant "award," for the commissioners cannot render a "judgment," only the County Judge can do that. If in referring to "each item in the judgment" you contemplated a case where several tracts were condemned in one case,

the commissioners would be entitled only to the same fee as if only one tract were condemned. For example, if the State condemned Lots 1, 2 and 3 belonging to John Doe in one suit, each Commissioner would be entitled to the same fee as if only one lot were embraced within the statement filed with the Judge. However, if three different cases were filed, and the special commissioners worked on the three cases together, their fee would be $9.00 for each day.

We expressly overrule Attorney General's Opinion No. 0-1604 (1939).

### SUMMARY

Under Art. 3266(3), V.A.C.S., special commissioners in condemnation are to be paid by the case rather than by the day, regardless of the number of cases worked on. Attorney General's Opinion No. 0-1604 (1939) is expressly overruled.

Very truly yours,

WILL WILSON
Attorney General

By

Joseph G. Rollins, Jr.
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
George P. Blackburn, Chairman
Tom F. McFarling
Linward Shivers
Wallace Finfrock

REVIEWED FOR THE ATTORNEY GENERAL
BY:
W. V. Geppert