**LOWER COLORADO RIVER AUTHORITY v. BURTON et al.**

No. 5538.

Court of Civil Appeals of Texas. Amarillo.

April 12, 1943.

W. S. Gideon, of Austin, for appellant.

F. H. Hammond, of Burnett, for L. D. and Lorena Burton.

Carl Runge and J. R. Murray, both of Houston, for Federal Land Bank of Houston.

STOKES, Justice.

This proceeding was instituted by appellant, the Lower Colorado River Authority, a conservation and reclamation district, against appellees, L. D. Burton and his wife, Lorena Burton, The Federal Land Bank of Houston, and eleven other defendants, seeking condemnation of 17.22 acres of land for reservoir purposes in connection with the Marshall Ford Dam on the Colorado River in Burnet County.

The commissioners appointed by the county judge returned an award of $600 in favor of all of the defendants, from which appellees L. D. Burton and wife appealed by filing proper objections in the county court where the case was tried before a jury. The Federal Land Bank filed an answer, and all of the other defendants were before the court under citation or waiver but none of them filed answers. The issues made in the county court between appellant and appellees Burton and wife and The Federal Land Bank pertained only to the value of the land sought to be condemned and the damages to other lands of appellees Burton and wife.

Before the trial began, Burton and wife filed an admission of the legal right of appellant to condemn the land for the purposes alleged in its petition, stating that the only issue involved was the value of the land sought to be condemned and the damages to the remaining land of the appellees, and requested the right to open and close in the introduction of the testimony and argument to the jury, which request was granted over the objection of appellant.

The case was submitted to the jury upon three special issues, in answer to which the jury found the value of the land condemned to be $500, and the damages to the remainder of the tract owned by appellees to be $303. Judgment was entered upon the verdict in favor of the appellees for the sum of $803, from which appellant duly prosecuted its appeal to the Court of Civil Appeals at Austin, and the case is now before us on an order entered by the Supreme Court equalizing the dockets of the Courts of Civil Appeals and transferring the case to this Court.

Appellant's assignments of error present two contentions which must control our disposition of the case: First, it contends that the court erred in overruling its exceptions to allegations contained in appellees' petition, or objections to the award of the commissioners, to the effect that the commissioners had awarded the defendants the sum of $600, and in permitting appellees' counsel to reveal the amount of the award in his argument to the jury; secondly, that the court erred in permitting appellees' counsel to open and close in the introduction of the testimony and argument of the case.

The record shows that in the petition filed by appellees Burton and wife, as their objections and exceptions to the award of the commissioners, they alleged that the commissioners had awarded to all of the defendants the sum of $600, and in the closing argument appellees' counsel specifically called the attention of the jury to the amount that had been awarded by the commissioners. Appellant presented and urged

an exception to the allegations pertaining to the award, which exception was overruled by the court, and counsel was permitted to read the pleading to the jury. In his closing argument, counsel for appellees called special attention to the award and stated that in spite of the testimony that had been offered by appellant, the commissioners had said that appellees' land was worth $600. The action of the court in overruling appellant's exceptions to the pleadings and its objection to the argument in reference to the award constitutes the basis of appellant's first complaint.

■ While the trial in the county court was not, strictly speaking, a trial de novo, Fort Worth & D. S. P. R. Co. v. Judd, Tex. Civ.App., 4 S.W.2d 1032, yet, as between the parties to this appeal, it was in the nature of such, at least to the extent that the award of the commissioners was nullified as between them by the objections filed by appellees. The award was not material and should not have been presented to the jury or considered by them for any purpose. Crystal City & U. R. Co. v. Boothe, Tex. Civ.App., 126 S.W. 700; Kelley v. Fain, Tex.Civ.App., 168 S.W. 869; City of Denton v. Chastain, Tex.Civ.App., 156 S.W.2d 554.

The estimates of the witnesses pertaining to the damages incurred by appellees by the taking of the 17.22 acres of land, together with the damages occasioned the remainder of the tract owned by appellees, ranged from $258.30 to more than $5,000, some of appellant's witnesses giving as their opinion that appellees had not been damaged more than $258.30, while some of appellees' witnesses placed the damages at a sum much larger than that awarded by the jury. In our opinion, the error committed by the court in allowing appellees' counsel to inform the jury of the amount that had been awarded by the commissioners probably influenced the jury to the prejudice of appellant. In order to obtain the right to open and close in the introduction of the testimony and the argument, appellees had admitted that the only issue involved in the case was the question of the value of the land sought to be condemned and the damage, if any, to the remaining lands owned by appellees. Indeed, without such admission, as between appellant and the Burtons, that was the only issue in the case and was a question of fact to be decided by the jury upon proper testimony adduced before the jury in this case.

There was no issue concerning the award nor as to the course pursued by the commissioners in arriving at the amount awarded. It is obvious, therefore, that the amount awarded by the commissioners was wholly immaterial and we think that, in all probability, it was harmful to appellant. The assignments of error pertaining thereto will therefore be sustained.

■ The second contention urged by appellant is that the court erred in permitting appellees' counsel to open and close in the introduction of the testimony and the argument. At the beginning of the trial, appellees' counsel filed an admission to the effect that appellant had the legal right to condemn the land described in its petition for the purposes therein alleged and that the only issue involved in the case was the question of the value of the land sought to be condemned and damages, if any, to the remaining land of the appellees. It is doubtful that the admission filed by appellees met the requirements of Rule 266, Texas Rules of Civil Procedure. The rule provides that in order to be accorded the right to open and close in the introduction of the testimony and the argument, the defendant, or defendants if there be more than one, shall admit that the plaintiff is entitled to recover as set forth in the petition except so far as he may be defeated in whole or in part by the allegations of the answer constituting a good defense which may be established on the trial. Appellees did not admit that appellant was entitled to recover "as set forth in the petition," but only that it had the legal right to condemn the land described in its petition for the purposes alleged therein. Without an admission in accordance with the rule, the burden of proof on the whole case rested upon appellant. The petition contained allegations other than those included in the admission, which appellant was obligated to establish by the testimony. One of them was that it had made a bona fide effort to agree with appellees upon the value of the land and damages. This allegation was not within the admission filed by appellees, yet appellant was under the duty both to allege it and establish it by the testimony. Cotulla v. La Salle Water Storage Co., Tex.Civ. App., 153 S.W. 711; Malone v. City of Madisonville, Tex.Civ.App., 24 S.W.2d 483; Gulf, C. & S. F. R. Co. v. Brugger, 24 Tex. Civ.App. 367, 59 S.W. 556.

The record reveals another persuasive reason why the court should not have per-

mitted appellees the privilege requested by them of opening and closing in the introduction of the testimony and the argument. The Federal Land Bank of Houston was made a defendant and it filed an answer, setting up a lien which it claimed to hold on the land, adopting all the pertinent allegations contained in appellees' pleadings, and praying that any amount which might be awarded as compensation and damages be paid to it to be applied upon the indebtedness of the appellees secured by its lien. While The Federal Land Bank was not represented by counsel, its answer was presented to the court and the judgment of the court awarded to it, along with the other defendants in the case, the amount found by the jury as compensation and damages. The Federal Land Bank did not join appellees in the admission filed by them, and the rule plainly provides that such admission must be filed by all of the defendants if there should be more than one. Appellees were not entitled to the privilege under Article 2183, R.C.S., because, as we have said, the burden of proof on the whole case rested upon the appellant. The only manner in which appellees' counsel could have obtained the privilege, therefore, was by compliance with Rule 266, Texas Rules of Civil Procedure, and the admission provided by the rule not having been filed by The Federal Land Bank, the court erred in granting the privilege to appellees' counsel. Cockrell v. Ellison, Tex.Civ.App., 137 S.W. 150; Fort Worth & D. N. R. Co. v. Johnson, 125 Tex. 634, 84 S.W.2d 232; Riley v. Palmer, Tex.Civ.App., 250 S.W. 762; First State Bank v. Cooper, Tex.Civ.App., 179 S.W. 295.

Appellant presents another assignment in which it contends the court erred in overruling its motion for a mistrial. The motion was based upon a statement made to the jury by appellees' counsel in his closing argument to the effect that whatever amount might be awarded appellees as compensation and damages, it would have to be paid to The Federal Land Bank because the bank held a lien on the land. Appellant objected to the statement and argument of counsel, and the record indicates the court probably sustained the objection. While the argument was improper, we are not prepared to hold that it was of such nature as to require the court to declare a mistrial. If appellant's counsel had requested it, the court would probably have instructed the jury not to consider it. It is likely this incident will not be repeated upon another trial.

Because of the errors discussed under appellant's first and second contentions as outlined by us, the judgment will be reversed and the cause remanded.