## HATCHETT v. STATE et al.

### No. 2667.

Court of Civil Appeals of Texas. Eastland.

May 21, 1948.

Rehearing Denied June 11, 1948.

Scarborough, Yates, Scarborough & Black of Abilene, for appellant.

Theo Ash, of Abilene, for appellee.

LONG, Justice.

This is a condemnation proceeding in which Taylor County seeks to condemn for highway purposes a part of certain lots on which the home of appellant is situated. The case was tried before the court with the aid of a jury and on the verdict of the jury, the trial court entered a judgment in favor of appellee for the title and possession of the property sought to be condemned and for $300.00 damages in favor of appellant for the land actually taken. The jury found, in response to special issues, that the value of the remaining land was the same before the taking as it was after the condemned land was taken. The land owner has appealed, presenting one controlling point of error.

Upon the trial of the case, Dr. J. G. Dodge, one of the Commissioners appointed by the County Judge to assess the damages to appellant's land, testified in response to questions by counsel for appellee, as follows:

"Mr. Ash: Please give us your opinion as to the reasonable cash market value of the strip actually taken for highway purposes.

"Witness: I don't remember what we awarded him but I believe it was—

"Mr. Black: We object to any reference to the award made by the commissioners or any proceedings had before the commission, it is immaterial to the issues in this case and not properly admissible and is prejudicial to the rights of the defendant.

"The Court: I will let him see the award and permit him to testify what it was.

"Mr. Black: May we have our exception, Your Honor?

"The Court: You may.

"The Witness: looking at the award: We awarded him Three Hundred ($300.-00) Dollars, and it is my opinion that is all that it was worth.

"Mr. Black: We want to renew our objection to that testimony, Your Honor, and ask that it be stricken and the jury be instructed not to consider it for any purpose, for the reason that the award made by the commissioners is immaterial and is not properly admissible in this trial de novo and is prejudicial to the rights of the defendant.

"The Court: Overruled.

"Mr. Black: May we have our exception?

"The Court: You may."

We agree with the contention made by appellant that the award made by the Commissioners is not admissible for any purpose. However, under the record, as presented in this case, we are of the opinion that reversible error is not shown by reason of the admission of the above testimony. Texas Rules of Civil Procedure, rule 434 provides in part that no judgment shall be reversed on appeal unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause the rendition of an improper judgment in the case. The jury found that there was no damage to the land not taken. The evidence was conflicting on this issue. If the appellee had been permitted to show the amount of the award for damages to the remaining land, reversible error would be shown. However, the testimony of the witness went no further than to show what the award of the Board was for the land actually taken. No mention was made as to the damages to the land not taken. The question propounded was confined to the land taken. We are unable to see in what way the evidence could have had any influence upon the jury in passing upon the issue of damages to the land not taken. Practically all of the witnesses for the appellant fixed the value of the land actually taken at $300. The appellant fixed the value at from $200 to $250. Thus it will be seen that the jury awarded appellant more for the land taken than he testified it was

worth. Therefore, it is our belief that no harm was done appellant by the improper admission of the testimony as to the award of the Board of Commissioners.

The judgment of the trial court is affirmed.