## CHANDLER v. BEXAR COUNTY.

### No. 12537.

Court of Civil Appeals of Texas.
San Antonio.

May 6, 1953.

Rehearing Denied June 3, 1953.

Dodson & Duke and E. B. Branch, San Antonio, for appellant.

Austin F. Anderson, Dist. Atty., and John F. Onion, Jr., Asst. Dist. Atty., San Antonio, for appellee.

NORVELL, Justice.

This appeal arises from condemnation proceedings instituted by Bexar County, Texas, under Article 3264 et seq., Vernon's Ann.Tex.Stats. The property involved consists of 2.013 acres of land owned by appellant, Leon J. Chandler, and situated north of the city limits of San Antonio, adjacent to U. S. Highway No. 81, commonly referred to as the Austin Highway. The strip of land taken by the county fronts 700 feet upon the Austin Highway and varies in depth from 120 to 232 feet. The program of highway improvement in the area entails the construction of a new highway and a connecting service road. The hard surfaced portion of the new highway will be 90 feet from the west line of appellant's tract remaining after the 2.013 acres have been taken therefrom. A graveled service road will be constructed thirty feet from appellant's west boundary line and between his property and the highway. As a result the accessibility of appellant's land from the highway will be materially limited. The judgment, based upon jury findings, awarded appellant $7,000 as compensation for the taking of his property.

Appellant complains that the findings of the jury are so against the overwhelming preponderance of the evidence as to be clearly wrong, In re King's Estate (King v. King), Tex.Sup., 244 S.W.2d 660, and

that the foreman of the jury was guilty of misconduct, necessitating another trial, under the provisions of Rule 327, Texas Rules of Civil Procedure.

■ In our opinion the verdict can not be set aside under the rule in the King case above cited. However, the record does show that the evidence as to value was sharply conflicting and that the testimony of appellant's witnesses, if credited, would have supported a finding of value greatly in excess of that returned by the jury. This circumstance, coupled with the fact that the controlling and all important question in the case related to the value of the property involved, is highly important in considering the question of jury misconduct. Crawford v. Detering Co., Tex.Sup., 237 S.W.2d 615.

As to jury misconduct, the trial judge filed findings of fact and conclusions of law, from which we take the following statement:

After the jury retired, John Kight was elected foreman. He then asked each juryman to state his opinion of the value of the land to be taken by the county. The estimates received varied from $10,000 to $17,500, with the exception of the foreman who placed a value of $3,500 on the property. Thereafter, during the course of the deliberations, Kight made statements to the effect that, (1) "he was positive in his own mind that Chandler knew all about the proposed highway before he bought the land involved and he (Chandler) was trying to make a killing at the expense of Bexar County;" (2) "the Special Commissioners appointed to assess the damages sustained by Chandler by reason of the condemnation of his land allowed Chandler only $3,500, and that this amount was sufficient;" (3) "Chandler would be able to (hard) surface all the land between the remainder of his property and the Austin Highway" and thus gain full access to said highway, and the foreman further (4) "stated to the other members of the jury that they had better stop and think before fixing a big price on the land being condemned, because they, as taxpayers, would have to pay for the land."

■ In his conclusions of law, the trial judge found that the making of the statements above set forth did not constitute jury misconduct, with the exception of the remark relating to the assessment of damages by the Special Commissioners. This award had been excepted to in accordance with the provisions of Article 3266, § 6, and the case taken to the County Court at Law. The amount of the award was not a matter which either was, or properly could be placed in evidence.

■ We are of the opinion that the suggestion of the foreman that the jurymen look to their individual interests as taxpayers and thus inferentially abandon the impartial position a juror should maintain, was clearly misconduct. It has been repeatedly held that for counsel to make an argument of similar import constitutes misconduct. West v. State, Tex.Civ.App., 150 S.W.2d 363, and authorities therein cited. While the burden upon the movant for new trial to show probable prejudice may be different in cases of jury misconduct, controlled by Rule 327, than it is when improper argument of counsel is involved, the rule as to the existence of misconduct is necessarily the same. If it be improper for an attorney to appeal to jurors' personal pecuniary interests as taxpayers, it is likewise improper for a member of the jury to do so. As to the question of "probable injury," there may often be a valid distinction drawn between improper statements which amount to the giving of unsworn testimony and those which do not, but the giving of improper information is not the only species of jury misconduct which can be considered in passing upon the question of granting a new trial.

■ In determining the issue of probable injury under Rule 327, we must conclude that at least two acts of misconduct are involved, the giving of testimony with reference to the Special Commissioners' award, which was not in evidence, and the appeal to the jurors to view the case from their interests as taxpayers. When these two acts of overt misconduct are placed in their proper setting with reference to other

remarks and inferences stated and the contested issues involved, it must be concluded that a showing of probable injury was made, as required by Rule 327. Scoggins v. Curtiss & Taylor, 148 Tex. 15, 219 S.W.2d 451; Barrington v. Duncan, 140 Tex. 510, 169 S.W.2d 462; Burkett v. Slauson, Tex. Sup., 237 S.W.2d 253. At the outset of the jury's deliberations, the foreman placed a $3,500 valuation upon the property involved. He supported this estimate by going outside the record and stating the amount of the award made by the Special Commissioners, and then sought to prevail in his arguments by reminding his fellows of their pecuniary interests as taxpayers. It reasonably appears that appellant did not receive the fair and impartial trial he was entitled to under the law, and the judgment of the trial court is accordingly reversed and the cause remanded for another trial.