CITY OF CORPUS CHRISTI, Texas, Appellant,

v.

Augusta Lynn MAGEE, Dolph Magee, Hugh Magee and William Magee, Appellees.

CITY OF CORPUS CHRISTI, Texas, Appellant,

v.

Clyde JENNINGS and Wife, Zelda Jennings, Appellees.

CITY OF CORPUS CHRISTI, Texas, Appellant,

v.

C. L. MAYES, Sue Baker Mayes, and J. L. Mayes, Appellees.

Nos. 12876–12878.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 16, 1955.

Rehearing Denied Dec. 14, 1955.

I. M. Singer, City Atty., Ellis M. Brown, Asst. City Atty., Corpus Christi, for appellant.

George L. Brundrett, Jr., Fischer, Wood, Burney & Nesbitt, David M. Coover, R. Briscoe King, Corpus Christi, for appellees.

NORVELL, Justice.

As the points of error asserted in these appeals are identical, the causes were consolidated for hearing in this Court. A statement of facts common to all of the cases was likewise filed here. The substantial point involved is whether or not the appellant, City of Corpus Christi, was deprived of the species of trial in the County Court prescribed by Article 3266, Vernon's Ann.Tex.Civ.Stats. These three causes involve the condemnation of lands by the City of Corpus Christi, which were held in several ownerships, and the awards of the County Court are identical in amount with those of the special commissioners in condemnation.

■ The cases were tried by the County Judge without a jury and he necessarily must have known of the awards of the special commissioners, as the same were set out in the pleadings. The appellant City, however, contends that in effect the awards of the commissioners were introduced in evidence; that the judgment of the County Court is necessarily based thereon, and that consequently the cases were not "tried and determined as in other civil causes in the county court." Art. 3266, § 6. The amount of the award of the special commissioners could not properly be placed in evidence in the County Court. Chandler v. Bexar County, Tex.Civ.App., 258 S.W.2d 439; Wallace v. Van Zandt County, Tex.Civ.App., 264 S.W.2d 202. It has, however, been held that one who has served as a special commissioner is not disqualified to testify as a witness to land values in the County Court. City of Houston v. Schorr, Tex.Civ.App., 231 S.W.2d 740.

Upon the present trial, Ray Hostuttler, one of the special commissioners, was called as a witness by appellees. The statement of facts discloses that the witness estimated that certain of the land involved had a value of $890 per acre. Then some argument ensued as to whether the estimate related in time to April of 1954 or to September, 1954, the time of trial in the

County Court. The following colloquy is disclosed by the statement of facts:

"Appellant's Counsel: He is testifying from the witness stand what his findings are. I want to know if he is expressing an opinion now as to what the value was. If he is testifying now about what his opinion was in April—

"Appellees' Counsel: When he was on the land.

"Appellant's Counsel: I want to object to a past opinion. He is on the witness stand to express his opinion today.

"Appellees' Counsel: If Counsel wants to place himself at cross-purposes in this thing, we will take today's opinion.

"The Court: I understood your question was as to what his opinion of it was in April.

"Appellant's Counsel: But he wants to testify now as to what he found when he went out there and made some findings in April. The fact he was on the Board of Commissioners I think is admissible in this hearing.

"Appellees' Counsel: No one ever made any statement this man was on any board that had anything to do with the tract of land. There is no inference on our part that the man had any connection with any board. I asked him if in April he had occasion to go on the land and make a determination and he said 'yes.' I asked him in April what he found at that time the value was.

"The Court: Go ahead.

"Appellees' Counsel: If Mr. Singer wants to bring it all up to date, we are happy to do so.

"The Court: Go ahead with your questions.

"Q. Back in April, I believe you stated you found the acreage value on the Magee tract to be eight hundred ninety dollars ($890.00)? Is that correct? A. Yes, sir."

■ The foregoing sets out the objection relied upon to sustain the assertion that the award of the commissioners was introduced in evidence. In our opinion, no reversible error is shown. The circumstance that Mr. Hostuttler had served as a special commissioner seems to have first been mentioned by one of appellant's attorneys. And this is true whether he stated that he thought the fact was admissible or inadmissible in evidence. As the trial was before the court, we cannot presume that the judge concluded that Mr. Hostuttler's estimates were simply recitals of the special commissioners' awards and that the judgment was based upon this supposition and not upon other evidence of value in the case. Appellant's first two points are overruled. 3-B Tex.Jur. 671, Appeal and Error, § 1043.

■ We are also of the opinion that appellant's third point fails to disclose a reversible error. It is asserted that as the awards of the special commissioners and the County Court were the same, it necessarily follows that the judgment of the County Court simply made the award of the special commissioners the judgment of the court. United States v. Dillman, 5 Cir., 146 F.2d 572. If there were no evidence in the record to support the County Court's awards, other than the award of the special commissioners (which we do not regard as being in evidence) we would have a situation similar to that disclosed in Wallace v. Van Zandt County, Tex.Civ. App., 264 S.W.2d 202. However, that is not the case in the record before us. There is evidence in the record, most of which was admitted without objection, to support the awards contained in the judgments appealed from. The circumstance that the County Judge from a consideration of such evidence arrived at the same conclusion as did the special commissioners does not present a reversible error.

The judgment of the County Court is affirmed.