PACIFIC EMPLOYERS INSURANCE COMPANY, Appellant,

v.

Victor J. GUILLORY, Appellee.

No. 15881.

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1958.

Rehearing Denied March 14, 1958.

Rawlings, Sayers, Scurlock & Eidson and Leland A. Hodges, Jr., Fort Worth, for appellant.

Herrick & McEntire and John W. Herrick, Fort Worth, for appellee.

MASSEY, Chief Justice.

This is a case under the Texas Workmen's Compensation Act, Vernon's Ann. Civ.St. art. 8306 et seq. The claimant, Victor J. Guillory, sued for total and permanent disability benefits in a lump sum. The insurer, Pacific Employers Insurance Company, stipulated to the effect that if claimant should be found entitled to benefits on account of total and permanent disability the compensation should be paid in a lump sum, thus taking the matter of hardship warranting allowance of benefits in a lump sum out of the case. On the verdict returned by the jury claimant was awarded compensation for total and permanent disability in a lump sum by the judgment entered. The insurer appealed.

Judgment affirmed.

By the nature of the appeal taken there is no question but what claimant must be considered as having been totally disabled at time of the trial. There is a question about the permanency of his incapacity. There is also a question about whether claimant discharged the burden of proof incumbent upon him in connection with proof of his wage rate. Aside from these questions, the other points to be considered relate to the character of the argument made by the attorney for the claimant, the insurer contending that it was inflammatory and prejudicial and that it injected improper information before the jury, all of which amounted to reversible error.

By a point of error the contention is made that under the undisputed evidence the claimant did not work substantially a year immediately prior to his injury and that the court erred in entering judgment for compensation based upon the maximum rate. The proof did not show the rate of pay being earned by claimant at time of his injury, nor whether it was calculated on a daily or hourly basis. It was shown that he was not working on a salary. He worked over a period longer than the full year immediately prior to his injury in the same employment, the records indicating 287 working days, and was paid therefor the sum of $5,469.40. Since it therefore appears that he averaged more than $100 per week, it seems clear that his compensation rate could not have been other than the maximum, this being a case of general incapacity. Reversal in such a case should be refused even though there has been a failure to comply in all particulars with the statutory formula for determining wage rate. Consolidated Cas. Ins. Co. v. Ray, 1954, Tex.Civ.App., San Antonio, 267 S. W.2d 880, writ ref., n. r. e.

Under the authority of Casualty Reciprocal Exchange v. Stephens, 1932, Tex.

Com.App., 45 S.W.2d 143, we are of the opinion that there could have been no disputed issue for the jury to pass upon since claimant had worked for more than one year prior to his injury at the same employment and presumably at a wage rate which was constant in character and amount.

Counsel is obviously of the opinion that claimant's rate is to be calculated under subsection 1 of art. 8309, Section 1, V.A.T.S., but there is doubt about the correctness of this. Texas Employers' Ins. Ass'n v. Storey, 1929, Tex.Com.App., 17 S.W.2d 458. The confusion seems to us to have been resolved by the case of Texas Employers Ins. Ass'n v. Clack, 1939, 134 Tex. 151, 132 S.W.2d 399. It would seem to us that the confusion is created by certain constructions given to the term "substantially the whole of the year" as used in subsections 1 and 2 of art. 8309, Section 1. See 40 Words & Phrases, Substantially a Year. In analyzing the cases, however, it seems that each treats the individual situation under consideration in a proper manner, yet dicta written in connection therewith lend to the confusion relative to the proper definition of the term. If and in the event subsection 1 is to be applied to a situation such as the instant case, where the injured workman has been engaged in the same employment for longer than a year prior to his injury, it would seem that "substantially the whole of the year" should mean that whenever the employment is for a single employer and is "steady employment", rather than intermittent or seasonal, it would be immaterial whether payment for his services is by the hour, day, week, month, year or some other "yardstick", and in any event his employment should be treated as embraced within and defined by the term. The result of so treating such a case would certainly be in full accord with the provision of subsection 5, art. 8309, Section 1, where it is stated: "5. The average weekly wages of an employee shall be one-fifty-second part of the average annual wages."

We next consider the insurer's point of error wherein it contends that the jury finding to the effect that the claimant's total incapacity was permanent in character was so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly wrong and unjust. Upon this matter the claimant's evidence in chief consisted in his own testimony, plus that of Dr. William McKinney and Dr. Vernon Rohrer. The first named doctor had examined the claimant one time and the second had never examined him but had made X-rays. The insurer tendered the evidence of Doctors Hightower, Harris, Morgan, and Silverthorne, plus a "summary" of the treatment of the claimant by various doctors at the McKinney Veterans' Administration Hospital. The "summary" was introduced by agreement with counsel for the claimant.

In a compensation case it is rare indeed that the state of the record would be such as would require reversal on the ground here urged where there is any evidence in the record of sufficient probative force to raise the issue. Certainly the issue was raised by the evidence in the present instance, but the insurer contends that as of the time the case was submitted to the jury the whole record was such that a new trial should have been awarded if and in the event the jury made a finding of permanent incapacity. That was the finding the jury did return and the trial court entered a judgment based thereon.

We are of the opinion that the point of error must be overruled. Not only was there testimony in the record from the claimant himself, which raised the issue of permanency, but there was an opinion from his medical witnesses his disability was permanent in character. There was no evidence that he had worked or attempted to work since his injury. Though the evidence introduced by the insurer was contradictory of claimant's evidence upon duration of disability, it never reached the point which would require us to hold that the jury's estimate as

to disability duration was so against the overwhelming weight and preponderance of the evidence as to require a reversal of the judgment.

Two of the insurer's points of error relate to jury argument. In the opening argument claimant's counsel stated: "Do you think Victor Guillory—well, let's talk about Victor just a minute. One thing they are going to say to you, I am sure, is that Victor hasn't gone back to work because he wants a piddling little old $25.00 a week for 401 weeks compensation, which is all the total and permanent disability you can give him. I guess they are going to say that Victor hasn't worked for a year and a half with these six children and his wife because he is waiting for his case to be tried." Whereupon counsel for the insurer objected, as follows: "Your Honor, I except to the argument as being an appeal to the passion and prejudice about his wife and children; not an issue in the case." Immediately claimant's counsel replied: "Your Honor, I withdraw the mention of the six children and the wife." The court instructed the jury as follows: "Ladies and Gentlemen, you will disregard the last statement of counsel."

When counsel for the insurer made his argument he stated:

"Now I want to say something in response to an argument that Mr. Herrick made. He said, 'Why did Victor Guillory give up and stay away from the job in order to get $25.00 a week. He was making considerably more than that.'

"Well, in the first place, I doubt if Victor Guillory is informed on the law and appreciated how much the compensation to be received by him would be per week. Secondly, in this case, you heard the pleadings read to you where he asked in his pleadings that he receive 401 weeks, and it be paid to him in a lump sum, in which event he would get all the money at one time, and that would be very profitable."

In the concluding argument to the jury claimant's counsel stated: " * * * Nelson Scurlock would have you believe Victor is in here to get some money. He talks to you about a lump sum payment, and that's true. When he says that, I can also say this, that there are certain expenses of this lawsuit and Victor is not going to get all of that, unfortunately. * * *"

The insurer objected to the statements so made on the ground that they were prejudicial and inflammatory, which objection was overruled.

It is contended that the statement of claimant's counsel relative to claimant's "six children and his wife" in his opening argument, and his statement in the closing argument that "there are certain expenses of this lawsuit and Victor is not going to get all of that, unfortunately" were erroneous and prejudicial. As to the first, it is contended that the withdrawal by counsel of his statement and instruction given by the court to the jury could not cure the error, and, as to the second, it is contended that the trial court erred in overruling the objection taken thereto.

Without deciding the question, but assuming that the statements made by claimant's counsel were erroneous, and in the one instance that the trial court erred in not sustaining the objection taken thereto, we nevertheless are of the opinion that reversal does not follow. Before a judgment will be reversed because of argument of counsel it must not only be improper but it must be such that was reasonably calculated to cause and probably did cause a rendition of an improper judgment in the case. Texas Rules of Civil Procedure, rule 434. Aultman v. Dallas Railway & Terminal Co., 1953, 152 Tex. 509, 260 S. W.2d 596. In the present instance it is our view that no juror of ordinary intelligence could have been persuaded by the argument to agree to a verdict contrary to that to which he would have agreed but for such argument. Goforth v. Alvey,

1954, 153 Tex. 449, 271 S.W.2d 404. We overrule points of error based upon the jury argument and the court's action upon objection made thereto.

Judgment is affirmed.