**The STATE of Texas et al., Appellants,**

v.

**John KIMBAUER et ux., Appellees.**

No. 4079.

Court of Civil Appeals of Texas.

Waco.

Feb. 7, 1963.

Rehearing Denied Feb. 28, 1963.

Haley, Koehne, Fulbright & Winniford, Waco, for appellants.

David G. Copeland, Waco, for appellees.

WILSON, Justice.

Condemnors ask us to reverse the judgment in a jury condemnation case because of the cross-examination of condemnors' witness by condemnee. The witness had expressed an opinion on direct examination that the value of the property taken was $9,500. This cross-examination ensued:

"Q. Mr. Lewis, about a year ago your opinion was stated to be different from that; you stated it to be your opinion right here in this court house it was worth $10,500 in the presence of two other witnesses?

"A. I would not say that I said it was worth $10,500.

"Q. You would not say that?

"A. No, I wouldn't say that I said it was worth that. My estimation as to what the place was worth and what might have been said there might have been different. There were two other guys on that appraisal with me.

"Q. Is it true that you made the statement at that time that the land was worth $10,500? I am not trying to embarrass you.

"A. I think I agreed with the other two that I would go along with them on that price, but that was not my appraisal value of the property.

"Q. I didn't ask what your appraisal was. I asked what you said a year ago."

The court overruled appellants' objection that the interrogation was improper as "going into matters that are not admissible." It is asserted condemnee was erroneously permitted to interrogate the witness as to the amount of the award of special commissioners.

■ The award of the commissioners, of course, is not admissible in evidence on the issue of damages. Dueitt v. Harris County, Tex.Civ.App., 249 S.W.2d 636, 638, writ ref.; City of Houston v. Huber, Tex. Civ.App., 311 S.W.2d 488, 493; City of Corpus Christi v. Magee, Tex.Civ.App., 285 S.W.2d 236, 238; Chandler v. Bexar County, Tex.Civ.App., 258 S.W.2d 439, 440, writ ref., n. r. e.; Hatchett v. State, Tex.Civ. App., 211 S.W.2d 771, 772; Nowlin v. Denton County, Tex.Civ.App., 200 S.W.2d 865; Southern Cotton Press & Mfg. Co. v. Galveston Wharf Co., Tex.Civ.App., 3 Willson Civ.Cas.Ct.App. § 256; Giersa v. Dennison etc. Co., Tex.Civ.App., 45 S.W. 925, 926. It is said it should not be brought to the attention of the jury in any form, directly or indirectly. 6 Nichols, Eminent Domain, Sec. 26.731, p. 266; 18 Am.Jur. Sec. 355, p. 1001; and see State ex rel. State Highway Commission v. Artz, Mo.App., 45 S.W.2d 81.

■ The limited problem we are required to determine is whether reversible error is reflected by examination of the entire record. The witness served as one of the special commissioners appointed under Art. 3264, Vernon's Ann.Tex.Civ.St. Condemnors called him, and qualified him as a licensed real estate broker engaged in the real estate business since 1946, and as being acquainted with values in the area. He testified on direct examination that he inspected the property involved about a week before the date of taking "for the purpose of arriving at a conclusion" as to the value of the property, and did "arrive at an opinion as to the reasonable market value." His judgment as to such value was $9,500 "as it existed when" he "looked at it". The cross-examination followed on which reversal is sought.

Condemnors elicited from the witness on direct examination that he was "one of the commissioners appointed by the court to appraise the property, and that he made the inspection narrated "in carrying out these duties".

The commissioners' award was $10,500. The jury found $15,000 to be the value of the land and improvements taken. One owner's witness testified the property taken had a market value of $15,700; another that its value was $21,000. A condemnor's witness expressed the opinion the value was $11,000; another, $9,500. Counsel for appellees did not refer to the report of commissioners or the award. Evidence before the jury did not disclose the number of commissioners making the award, nor that one was made. The voluntary and unresponsive statement of the witness was only that "there were two other guys on that appraisal with me", and he agreed to "go along with them on that price, but that was not my appraisal of the property". It might be plausibly insisted that since appellant had attempted to strengthen the credibility of the witness by proving that he had been "appointed by the court to appraise" the

property, and had arrived at an opinion as to the value pursuant to these duties shortly before the date of taking, the cross-examination was invited and the questions asked were not improper as an inquiry concerning expression of a prior inconsistent opinion, since counsel's questions did not expressly refer to the award. It is not necessary for us to pass on this question. Although we recognize the question is a close one, in our opinion the complaint does not require reversal, under the entire record in this case. Appellants' point that the award is grossly excessive is overruled. Affirmed.