**Theresa Real SCHWAB et vir, Appellants,**

v.

**COUNTY OF BEXAR, Appellee.**

No. 14085.

Court of Civil Appeals of Texas.

San Antonio.

April 3, 1963.

Rehearing Denied May 1, 1963.

Park Street, Walter Powell Gray, San Antonio, for appellants.

James E. Barlow, Dist. Atty., Joe E. Anderson, C. J. Matthews, Asst. Dist. Attys., San Antonio, for appellee.

BARROW, Justice.

This is an appeal by landowners from a judgment entered, after jury trial, in a condemnation hearing involving a partial taking of two small tracts of land. Appellants complain by three points, of alleged prejudicial error in the introduction in evidence of the award of the special commissioners.

Appellee recognizes the rule that the award of the special commissioners is not admissible in evidence. City of Corpus Christi v. Magee, Tex.Civ.App., 285 S.W.2d 236, no writ history; Chandler v. Bexar County, Tex.Civ.App., 258 S.W.2d 439, writ ref., n. r. e.; Lower Colorado River Authority v. Burton, Tex.Civ.App., 170 S.W.2d 783, no writ history. Appellee asserts, however, that the amount of the award was admissible to impeach appellants' witness Mrs. Burke, who had served as one of the special commissioners, and that the introduction of the entire award was invited by appellants. Appellee further asserts that appellants did not request a charge limiting the jury's consideration of this award, and, to the contrary, objected to an instruction offered by appellee to limit the jury's consideration of the award to impeachment purposes. Appellee contends that in any event the admission of said award was harmless.

The frontage of two tracts of land is involved: Tract "A" consisting of .092 acres, and Tract "B", .62 acres. The jury

awarded $600.00 as the value of each part taken, and $600.00 for severance damages to the remainder of each, making a total award of $2,400.00. The special commissioners returned a total award of $2,000.00, which was signed by all three commissioners. Mrs. Burke had served as a commissioner and was called as an expert witness by appellants. It has been held that a commissioner is not disqualified from testifying as an expert witness at the trial involving the same land. City of Houston v. Schorr, Tex.Civ.App., 231 S.W.2d 740, writ dismissed. In such event, however, he should be subjected to the usual rules of impeachment. Texas Law of Evidence, McCormick & Ray 2nd Ed., §§ 687–698.

■ The events leading up to the introduction in evidence of the special commissioners' award are contained in thirty pages of the statement of facts, a substantial portion being discussion heard outside the presence of the jury. Mrs. Burke, a witness for appellants, testified that the damages amounted to $7,950.00, and appellee undertook to cross-examine her on the valuation she had placed on the property by the commissioners' award. After Mrs. Burke denied any familiarity with the property prior to her appraisal of it for appellants, she was asked to identify her signature on the award. At appellants' request, the jury was then withdrawn. Appellee advised the court that it did not intend to offer the award in evidence or tell the jury that the three commissioners had made such an award, but wanted to question Mrs. Burke as to whether she had signed a statement under oath that the damages amounted to $2,000.00. Appellants urged that the commissioners' award was signed by Mrs. Burke through coercion of the other two commissioners. Appellants further contended that they had only put on a prima facie case at the hearing, and that the award did not represent Mrs. Burke's true appraisal, as she had not seen the property prior to that time. The record does not indicate any action by the trial court after this discussion. The jury was

recalled, and when Mrs. Burke did not remember her previous valuation, she was shown the award for her identification. Appellee then started to propound a question: "Is it a document that states," at which point appellants' attorney interrupted and stated substantially that the document spoke for itself, and if it was read appellants would move for a mistrial. Appellants objected to appellee's reading of a part of the award, and also objected to the introduction of the document. No ruling is shown by the trial court. In response to a subsequent question, Mrs. Burke testified that she had signed the award, but it did not represent her appraisal of the property. At this point, appellee offered the award in evidence, and it was received over the objection of appellants. Appellants immediately moved for a mistrial. After careful consideration of this sequence of events, we are of the opinion that the introduction in evidence of the special commissioners' award was not invited by appellants, although their objection to the manner in which appellee first sought to impeach the witness was without merit, and the subsequent involved discussion by all counsel undoubtedly created confusion of the issue.

■ It was proper for appellee to impeach the witness by inquiring about her previous inconsistent valuation. However, by introducing the award, the jury was informed that Commissioners Patton and Garwood also found damages of $2,000.00. We therefore hold that it was error to introduce this award into evidence. Rule 434, Texas Rules of Civil Procedure, provides that no judgment shall be reversed on appeal unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and reasonably did cause the rendition of an improper judgment in the case. In determining this issue we are required to review the entire record and grant a reversal only when we are convinced that a different verdict would probably have

been returned but for the error. Condra Funeral Home v. Rollin, 158 Tex. 478, 314 S.W.2d 277; Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210; Cloud v. Zellers, 158 Tex. 253, 309 S.W.2d 806; Gordon v. Aetna Cas. & Sur. Co., Tex.Civ.App., 351 S.W.2d 602, writ ref.

We have therefore carefully reviewed the entire statement of facts which consists of 526 pages, all devoted to the questions of valuation and damages. Appellants presented four expert witnesses. The record shows that appellants' case was primarily based upon the testimony of their witnesses Reinhardt and Fry, whose testimony requires 219 pages of the statement of facts, and who testified very fully on the property description and severance damages. Appellants witnesses Mrs. Burke and Green gave comparatively brief testimony. Appellee used the witnesses Drane and Cory. The valuations given by the witnesses are as follows:

| TRACT A | Reinhardt | Burke | Green | Fry | Drane | Cory |
|---|---|---|---|---|---|---|
| Part taken | $ 950. | $ 800. | $ 1,000. | $ 1,025. | $ 285. | $ 220. |
| Rem. before taking | 22,350. | 21,700. | 20,000. | 19,000. | 12,215. | 14,665. |
| After taking | 15,000. | 15,700. | 15,000. | 14,250. | 11,347. | 12,940. |
| TRACT B | | | | | | |
| Part taken | 1,350. | 1,150. | 1,240. | 1,540. | 311. | 465. |
| Rem. before taking | | | | 31,460. | 9,839. | 10,860. |
| After taking | | | | 30,850. | 9,537. | 10,560. |

The witnesses Reinhardt, Mrs. Burke and Green did not find any severance damages to Tract B, but the other three found the damages to be the cost of a new fence.

The commissioners' award as introduced in evidence consists of a handwritten note reading as follows: "We, the undersigned commissioners, make the following total award of two thousand dollars ($2,000.00) in the Schwab condemnation case on Farm to Market Highway No. 78, Bexar County, Texas. Commissioners (signatures) October 20, 1960." It is signed by J. E. Patton, Cecille Burke and Roy H. Garwood, Jr. It is styled "AWARD OF SPECIAL COMMISSIONERS" and was filed with the County Judge and County Clerk of Bexar County on October 21, 1960. The record reveals that it was stated on several instances that the award was being offered to impeach Mrs. Burke and for that purpose only. Appellants objected to this limitation being included in the charge of the court. There is no other reference anywhere in the statement of facts to Patton or Garwood. On redirect evidence appellants developed that Mrs. Burke had not even seen the property at the time she signed this award, and that a competent appraisal required an inspection of the premises. The manner in which the exhibit was offered does not indicate any significance or use of same other than in connection with the testimony of Mrs. Burke.

It is our considered opinion, after review of the entire record, that we can not say that this improper evidence probably influenced the jury in returning a small award. We therefore hold that this error was harmless under Rule 434, T.R.C.P.

The judgment is affirmed.