The STATE of Texas, Appellant,

v.

V. E. BERRY et ux., Appellees.

No. 14303.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 16, 1964.

Rehearing Denied Jan. 13, 1965.

Waggoner Carr, Atty. Gen., T. B. Wright, Carroll R. Graham, Asst. Attys. Gen., Austin, for appellant.

Park Street, James K. Gardner, San Antonio, for appellees.

MURRAY, Chief Justice.

The State of Texas, acting by and through the Attorney General, brought this condemnation case under the provisions of Art. 3264 et seq., Vernon's Ann.Civ.Stats., against V. E. Berry and wife, Lydia J. Berry, of Bexar County, Texas, to condemn the fee simple title, save and except the oil, gas, sulphur and other minerals, to 10.665 acres of land out of a larger tract abutting upon Highway 90 East in the City of San Antonio, Bexar County, Texas. The tract to be used as a right of way in constructing and converting Highway 90 East into Interstate Highway 10.

The defendants admitted that the State had the right to condemn, that all prerequisites had been complied with, waived any damages to their remainder, and hence the only issue litigated was the market value of the tract acquired.

The market value of the tract being acquired in this cause was submitted to the jury. Based upon the verdict of the jury, the County Judge of the County Court at Law No. 3, of Bexar County, Texas, rendered judgment in the sum of $181,051.20, from which judgment the State of Texas has prosecuted this appeal.

By its first three points the State presents the contention that its motion for a new trial should have been granted by the trial court, because it was reversible error for the witness James K. Gardner, Esq., one of the attorneys for appellees, while testify-

ing on behalf of his clients, to state to the jury, in effect, that the award of the special commissioners was the sum of $190,000.00; and especially was this error because the witness was prompted to give this answer by one of appellees, V. E. Berry. The trial judge overruled the motion of appellant for a mistrial, made immediately after the witness had given this testimony.

Appellees contend that there was no reversible error because such testimony was elicited and invited by appellant, the jury were instructed by the court to disregard and not consider such testimony, and further, that the testimony was harmless.

The record shows that the following took place during the trial, while James K. Gardner was testifying on cross-examination:

"Q What is the fee, you and Park Street, for this case?

"A I will say I don't know.

"Q You do not know?

"A An explanation of that, Mr. Wright, I am on a salary basis with Mr. Street, and I don't know what the fee is with Mr. Berry.

"Q I see. It is—

"A Let me say this, in explanation, that whatever the fee is does not affect my salary, in that I am on a straight salary basis. For that reason I have no interest and not a party to an assignment or contract in any way with Mr. Berry.

"Q Would you run down and ask Mr. Street what that contract amount is, how much he is going to get out of this case, what percentage of the take?

"A Will I run down and ask him?

"MR. STREET: Don't run. You might fall.

"Q Will you come over here and tell the jury what this means to Mr. Street for you to testify? Would you like to tell them that?

"A If the Court will permit that, on hearsay, I will be glad to do it.

"MR. STREET: I will state now he won't have to run, because I need him. He is my brains. I hope to be paid a fair fee.

"Q All right, sir. And would that be a percentage of the increase over the state's testimony or the offer to the land owner; is that not the general practice in condemnation in Park Street's office?

"MR. BERRY: Over the commissioners.

"MR. WRIGHT: Well, if he is—

"A It goes this way, Mr. Wright. It would be a percentage, if any, over the commissioners' award of $190,000.

"MR. WRIGHT: All right, if the Court please, we move for a mistrial right now.

"MR. GARDNER: Your Honor, may it please the Court, Mr. Wright has asked for that as a basis of the fee.

"MR. WRIGHT: If it please the Court, we move for a mistrial in this case at this time.

"THE COURT: Counsel, it appears to the Court I may have to grant it. I don't know if I will. I am going to recess until 1:45.

"MR. BERRY: He asked for it.

"THE COURT: Ladies and gentlemen of the jury panel, remember the instructions that I have heretofore given you. Come back to the jury box at 1:45."

The opinion evidence concerning the market value of the property being acquired in this proceeding offered by appellant was as

follows: "Nelson Cory, Jr., $98,500.00; Willis A. Porter, $114,474.00; Raymond R. Parker, $100,000.00; and Geo. A. French, $127,980.00."

The opinion evidence offered by appellees was as follows: "Burt L. Joiner, $240,000.00; Bert C. Fry, $232,283.50; and R. N. White, Jr., $248,945.40. The Award of the Special Commissioners was $190,814.00."

The trial court held the witness to be in contempt of court and fined the attorney $100.00 and one day in jail for stating the amount of the special commissioners' award.

■ There are many cases holding that the amount of the award of the special commissioners is not admissible in evidence on an appeal from such award to the County Court, and where admitted by the trial court in evidence over the objection of the opposing party it sometimes constitutes reversible error. Schwab v. County of Bexar, Tex.Civ.App., 366 S.W.2d 952; State v. Kimbauer, Tex.Civ.App., 365 S.W.2d 201; Hill v. State of Texas, Tex.Civ.App., 289 S.W.2d 801; City of Corpus Christi v. MaGee, Tex.Civ.App., 285 S.W.2d 236; Chandler v. Bexar County, Tex.Civ.App., 258 S.W.2d 439; Lower Colorado River Authority v. Burton, Tex.Civ.App., 170 S.W.2d 783; Giersa v. Dennison & P. S. Ry. Co., Tex.Civ.App., 45 S.W. 925.

■ Here the trial court promptly instructed the jury not to consider the evidence and fined the witness $100.00 and one day in jail for giving the evidence. The award of the jury was more than $8,000.00 less than the award of the commissioners and was far below what the evidence offered by appellees would have supported. We conclude, that under the provisions of Rule 434, Texas Rules of Civil Procedure, the trial court did not abuse its discretion in overruling appellant's first motion to declare a mistrial. Schwab v. County of Bexar, supra; City of Corpus Christi v. MaGee, supra; Hatchett v. State, Tex.Civ.App., 211 S.W.2d 771.

■ By Points 4 and 5 appellant contends that the trial court committed reversible error in not sustaining its second motion for a mistrial filed after the closing argument of appellees' counsel Park Street, and after the jury had retired to consider its verdict, but before the jury had rendered its verdict; the motion reading as follows:

"The attorney for the defendants in his closing argument made unwarranted, personal attacks of a vicious nature upon the State's witnesses, which attacks were wholly unwarranted by anything contained in the record in this case; made vicious personal attacks upon the counsel for the State, which attacks were wholly unwarranted by anything in the record in this case; and further, the counsel for the defendants in his closing argument brought new evidence before the jury in his argument on at least nine different occasions by testifying, in effect, during the course of his final argument.

"Wherefore, premises considered, the plaintiff prays that the Court recall the jury before it has returned a verdict and declare a mistrial in this cause and discharge the jury because of the attacks and testifying done by counsel for the defendants in his closing argument."

This motion came too late. Texas Employers Ins. Co. v. Haywood, 153 Tex. 242, 266 S.W.2d 856. Appellant further contends that the trial court also committed reversible error in overruling appellant's amended motion for a new trial based upon the same alleged improper argument. We overrule these contentions. Appellant has set out in its brief some ten pages of the argument complained of, together with its objections made at the time of the argument. It would serve no useful purpose to here copy all of such argument. Appellant's objections relate principally to the fact that counsel for appellees was getting out of the record. The trial court sustained, in effect, each one of these objections and admonished appel-

lees' counsel to stay within the record, which counsel promised to try to do. Appellant's counsel did not press any of these objections to the extent of asking the court to instruct the jury to disregard the argument. We have read this argument, and while some of it was improper and unjustified, it was not of such an "incurable" nature that its harmful effect could not have been corrected or rendered harmless by proper instructions from the trial court to the jury, or a retraction by the counsel. The rule in this regard is well stated in Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054, as follows:

"If the argument is of such a nature or is made under such circumstances that if objection is made at the time so that counsel can offer an explanation or make such corrections as will make such argument proper or harmless, or if the argument is of such a nature that its withdrawal by counsel or instruction by the court to the jury to disregard same will cure the error and render the effect of the argument harmless, the complaining party must object to such argument and request the court to instruct the jury not to consider same; and failure so to do waives the error."

In 56 Tex.Jur.2d p. 673, § 317, it is stated: "An objection to argument must be pressed to the point of procuring a ruling, or the objection is waived." Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856; Traders & General Ins. Co. v. Vaughn, Tex.Civ.App., 317 S.W.2d 800; Harris County Flood Control Dist. v. Cohen, Tex.Civ.App., 282 S.W.2d 917. There are exceptions to this rule, such as when an appeal to national or race prejudice is made in an argument. Aultman v. Dallas Ry. & Terminal Co., 152 Tex. 509, 260 S.W.2d 596; Basanez v. Union Bus Lines, Tex.Civ. App., 132 S.W.2d 432, no writ history.

We are unable to say that the argument complained of was of such a nature as would have persuaded a juror of ordinary intelligence to agree to a verdict contrary to one he would have agreed to but for such argument. Goforth v. Alvey, 153 Tex. 449, 271 S.W.2d 404; Pacific Employers Ins. Co. v. Guillary, Tex.Civ.App., 310 S.W.2d 584; McCorstin v. Mayfield, Tex.Civ.App., 274 S.W.2d 874.

■ By its points Nos. 6 and 7, appellant contends that the verdict of the jury in answer to Issue No. 1 is so against the great weight and preponderance of the evidence as to be manifestly wrong, and that the judgment based thereon is so grossly excessive as to require a remittitur in at least the sum of $55,000.

The issue and answer complained of reads as follows:

"From a preponderance of the evidence what do you find was the market value on September 13, 1962, of Defendants' tract of land condemned by the State of Texas for highway purposes? Answer in dollars and cents.

"We, the jury, answer: $181,051.20"

We have examined the evidence and find that it amply supports the verdict, and that the amount found by the jury is not excessive. We overrule points Nos. 6 and 7.

The judgment is affirmed.

BARROW, Justice.

I concur that the State has failed to show that the argument complained of was such that prejudice could not have been eliminated or cured by retraction or instruction by the trial court upon timely objection or motion by State. Therefore, reversible error is not shown. Texas Sand Co. v. Shield, 381 S.W.2d 48 (Tex.1964); Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 355 (1954).

It should be observed, however, that unwarranted personal attacks upon opposing counsel as complained of by State in this case are highly improper. See 96 A.L.R. 2d 9. Rule 269, Sec. (e), T.R.C.P., provides the trial court with authority to prevent per-

sonal criticism of opposing counsel. It would seem that Sec. (g) of this rule, directing the trial court to correct improper argument of counsel without an objection, is particularly appropriate to prevent personal abuse of opposing counsel.